Ernest Edward Badway, Esq.
Fox Rothschild LLP
101 Park Avenue, Suite 1700
New York, New York 10178
Telephone: (212) 878-7986
Facsimile: (212) 692-0940
E-Mail: ebadway@foxrothschild.com

*Attorneys for defendant Redbubble Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KEVIN YAN LUIS, on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>REDBUBBLE INC.,<br><br>     Defendant. | **ECF Case**<br><br>**Case No: 1:22-cv-10775**<br><br>**DEFENDANT REDBUBBLE INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND AFFIRMATIVE AND SEPARATE DEFENSES**<br><br>**(Jury Trial Demanded)** |

Redbubble Inc. ("Defendant"), by its undersigned counsel, Fox Rothschild LLP, hereby files this Answer to the Complaint of plaintiff Kevin Yan Luis ("Plaintiff"), Individually, and On Behalf of All Others Similarly Situated, dated December 21, 2022 ("Complaint"), and states as follows:

## INTRODUCTION

1.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Defendant denies the truth of the allegations contained in paragraph 2 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff is a visually impaired and legally blind person.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Defendant denies the truth of the allegations contained in paragraph 4 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

5.      Defendant denies the truth of the allegations contained in paragraph 5 of the Complaint.

6.      Defendant denies the truth of the allegations contained in paragraph 6 of the Complaint.

7.      Defendant denies the truth of the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies the truth of the allegations contained in paragraph 8 of the Complaint.

9.      Defendant denies the truth of the allegations contained in paragraph 9 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

10.     Defendant denies the truth of the allegations contained in paragraph 10 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff intended to purchase certain goods from Defendant's website.

11.     Defendant denies the truth of the allegations contained in paragraph 11 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

## JURISDICTION AND VENUE

12.     Defendant denies the truth of the allegations contained in paragraph 12 of the Complaint, and respectfully refers this Court to the referenced statutes and code for an accurate recitation of their contents.

13.     Defendant denies the truth of the allegations contained in paragraph 13 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

14.     Defendant denies the truth of the allegations contained in paragraph 14 of the Complaint, and respectfully refers this Court to the referenced cases for an accurate recitation of their contents.

## PARTIES

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's residence, and denies the remaining allegations contained in paragraph 15 of the Complaint.

16.     Defendant denies the truth of the allegations contained in paragraph 16 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's disability, and respectfully refers this Court to the referenced statutes for an accurate recitation of their contents.

17.     Defendant admits that Defendant is a Delaware Limited Liability Company doing business in California, and that its principal place of business is located at 111 Sutter Street, 17th Floor, San Francisco, CA 94104.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff was going to purchase; denies the truth of the remaining allegations contained in paragraph 18 of the Complaint; and respectfully refers this Court to the referenced statute and case for an accurate recitation of their contents.

## NATURE OF THE CASE

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Defendant denies the truth of the allegations contained in paragraph 23 of the Complaint, and respectfully refers this Court to the referenced guidelines for an accurate recitation of their contents.

## FACTUAL ALLEGATIONS

24.     Defendant admits that it owns a website, and denies the truth of the remaining allegations contained in paragraph 24 of the Complaint.

4

25.     Defendant denies the truth of the allegations contained in paragraph 25 of the Complaint, except admits that Redbubble.com is a commercial website where third-party sellers offer products for sale online.

26.     Defendant denies the truth of the allegations contained in paragraph 26 of the Complaint, including in subparagraphs (a)-(c).

27.     Defendant denies the truth of the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the truth of the allegations contained in paragraph 28 of the Complaint.

29.     Defendant denies the truth of the allegations contained in paragraph 29 of the Complaint.

30.     Defendant denies the truth of the allegations contained in paragraph 30 of the Complaint.

31.     Defendant denies the truth of the allegations contained in paragraph 31 of the Complaint.

32.     Defendant denies the truth of the allegations contained in paragraph 32 of the Complaint, including subparagraphs indicated by bullet points, except lacks knowledge or information sufficient to form a belief as to the truth if Plaintiff used the website and what Plaintiff experienced while using the website.

33.     Defendant denies the truth of the allegations contained in paragraph 33 of the Complaint.

34.     Defendant denies the truth of the allegations contained in paragraph 34 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of

5

the allegations of when visually impaired individuals need a driver, and respectfully refers this Court to the cited guidelines for an accurate recitation of their contents.

35.    Defendant denies the truth of the allegations contained in paragraph 35 of the Complaint.

36.    Defendant denies the truth of the allegations contained in paragraph 36 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff has allegedly attempted to purchase products from Defendant's website on numerous occasions.

37.    Defendant denies the truth of the allegations contained in paragraph 37 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff intends on visiting the website in the future, or what products Plaintiff would like to allegedly order from the website.

38.    Defendant denies the truth of the allegations contained in paragraph 38 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff knows.

39.    Defendant denies the truth of the allegations contained in paragraph 39 of the Complaint.

40.    Defendant denies the truth of the allegations contained in paragraph 40 of the Complaint, including in subparagraphs (a)-(c).

41.    Defendant denies the truth of the allegations contained in paragraph 41 of the Complaint.

42.    Defendant denies the truth of the allegations contained in paragraph 42 of the Complaint.

## CLASS ACTION ALLEGATIONS

43.     Defendant affirmatively states that there are no similarly situated individuals and that Plaintiff is not entitled to pursue this action on behalf of any other individuals; denies the truth of the remaining allegations contained in paragraph 43 of the Complaint; and respectfully refers this Court to the referenced rules for an accurate recitation of their contents.

44.     Plaintiff denies the truth of the allegations contained in paragraph 44 of the Complaint, and respectfully refers this Court to the referenced rules for an accurate recitation of their contents.

45.     Defendant denies the truth of the allegations contained in paragraph 45 of the Complaint, except lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the number of visually impaired persons in New York State and in the United States.

46.      Defendant denies the truth of the allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the truth of the allegations contained in paragraph 47 of the Complaint, including subparagraphs (a)-(d), and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

48.     Defendant denies the truth of the allegations contained in paragraph 48 of the Complaint, and respectfully refers this Court to the referenced laws for an accurate recitation of their contents.

49.     Defendant denies the truth of the allegations contained in paragraph 49 of the Complaint, lacks knowledge or information sufficient to form a belief as to the competency of Plaintiff's counsel, and respectfully refers this Court to the referenced rule for an accurate recitation of its contents.

50.     Defendant denies the truth of the allegations contained in paragraph 50 of the Complaint, and respectfully refers this Court to the referenced rule for an accurate recitation of its contents.

51.     Defendant denies the truth of the allegations contained in paragraph 51 of the Complaint.

52.     Defendant denies the truth of the allegations contained in paragraph 52 of the Complaint.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181 et seq. – Title III of the Americans with Disabilities Act)

53.     Defendant repeats and restates each and every allegation contained in paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.     Defendant denies the truth of the allegations contained in paragraph 54 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

55.     Defendant denies the truth of the allegations contained in paragraph 55 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

56.     Defendant denies the truth of the allegations contained in paragraph 56 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

57.     Defendant denies the truth of the allegations contained in paragraph 57 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

58.     Defendant denies the truth of the allegations contained in paragraph 58 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

59.     Defendant denies the truth of the allegations contained in paragraph 59 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

60.     Defendant denies the truth of the allegations contained in paragraph 60 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

61.     Defendant denies the truth of the allegations contained in paragraph 61 of the Complaint, and respectfully refers this Court to the referenced guidelines for an accurate recitation of their contents.

62.     Defendant denies the truth of the allegations contained in paragraph 62 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

63.     Defendant denies the truth of the allegations contained in paragraph 63 of the Complaint.

64.     Defendant denies the truth of the allegations contained in paragraph 64 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

65.     Defendant denies the truth of the allegations contained in paragraph 65 of the Complaint.

66.     Defendant denies the truth of the allegations contained in paragraph 66 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

67.     Defendant denies the truth of the allegations contained in paragraph 67 of the Complaint.

68.     Defendant denies the truth of the allegations contained in paragraph 68 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law
Article 15 (Executive Law § 292 et seq.)

69.     Defendant repeats and restates each and every allegation contained in paragraphs 1 through 68 as if fully set forth herein.

70.     Defendant denies the truth of the allegations contained in paragraph 70 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

71.     Defendant denies the truth of the allegations contained in paragraph 71 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

72.     Defendant denies the truth of the allegations contained in paragraph 72 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

73.     Defendant denies the truth of the allegations contained in paragraph 73 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

74.     Defendant denies the truth of the allegations contained in paragraph 74 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

75.     Defendant denies the truth of the allegations contained in paragraph 75 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

76.     Defendant denies the truth of the allegations contained in paragraph 76 of the Complaint, and respectfully refers this Court to the referenced guidelines for an accurate recitation of its contents.

77.     Defendant denies the truth of the allegations contained in paragraph 77 of the Complaint, including subparagraphs (a)-(c), and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

78.     Defendant denies the truth of the allegations contained in paragraph 78 of the Complaint.

79.     Defendant denies the truth of the allegations contained in paragraph 79 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

80.     Defendant denies the truth of the allegations contained in paragraph 80 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

81.     Defendant denies the truth of the allegations contained in paragraph 81 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

82.     Defendant denies the truth of the allegations contained in paragraph 82 of the Complaint.

83.     Defendant denies the truth of the allegations contained in paragraph 83 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

### THIRD CAUSE OF ACTION

(Violation Of New York State Civil Rights Law, Ny Cls Civ R,
Article 4 (Cls Civ R § 40 et seq.)

84.     Defendant repeats and restates each and every allegation contained in paragraphs 1 through 83 of the Complaint as if fully set forth herein.

85.     Defendant lacks knowledge or information sufficient to form a belief as to truth of Plaintiff's alleged service of notice; denies the truth of the remaining allegations contained in paragraph 85 of the Complaint; and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

86.     Defendant denies the truth of the allegations contained in paragraph 86 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

87.     Defendant denies the truth of the allegations contained in paragraph 87 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

88.     Defendant denies the truth of the allegations contained in paragraph 88 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

89.     Defendant denies the truth of the allegations contained in paragraph 89 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

90.     Defendant denies the truth of the allegations contained in paragraph 90 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

91.     Defendant denies the truth of the allegations contained in paragraph 91 of the Complaint, and respectfully refers this Court to the referenced guidelines for an accurate recitation of its contents.

92.     Defendant denies the truth of the allegations contained in paragraph 92 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

93.     Defendant denies the truth of the allegations contained in paragraph 93 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

94.    Defendant denies the truth of the allegations contained in paragraph 94 of the Complaint.

95.    Defendant denies the truth of the allegations contained in paragraph 95 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

96.    Defendant denies the truth of the allegations contained in paragraph 96 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

**FOURTH CAUSE OF ACTION**

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, et seq.)

97.    Defendant repeats and restates each and every allegation contained in paragraphs 1 through 96 of the Complaint as if fully set forth herein.

98.    Defendant denies the truth of the allegations contained in paragraph 98 of the Complaint, and respectfully refers this Court to the referenced statute for an accurate recitation of its contents.

99.    Defendant denies the truth of the allegations contained in paragraph 99 of the Complaint, and respectfully refers this Court to the referenced code for an accurate recitation of its contents.

100.    Defendant denies the truth of the allegations contained in paragraph 100 of the Complaint, and respectfully refers this Court to the referenced code for an accurate recitation of its contents.

101.    Defendant denies the truth of the allegations contained in paragraph 101 of the Complaint, and respectfully refers this Court to the referenced code for an accurate recitation of its contents.

102.    Defendant denies the truth of the allegations contained in paragraph 102 of the Complaint, including subparagraphs (a)-(c), and respectfully refers this Court to the referenced code for an accurate recitation of its contents.

103.    Defendant denies the truth of the allegations contained in paragraph 103 of the Complaint.

104.    Defendant denies the truth of the allegations contained in paragraph 104 of the Complaint, and respectfully refers this Court to the referenced code for an accurate recitation of its contents.

105.    Defendant denies the truth of the allegations contained in paragraph 105 of the Complaint, and respectfully refers this Court to the referenced law for an accurate recitation of its contents.

106.    Defendant denies the truth of the allegations contained in paragraph 106 of the Complaint, and respectfully refers this Court to the referenced code for an accurate recitation of its contents.

107.    Defendant denies the truth of the allegations contained in paragraph 107 of the Complaint.

108.    Defendant denies the truth of the allegations contained in paragraph 108 of the Complaint, and respectfully refers this Court to the referenced code for an accurate recitation of its contents.

## FIFTH CAUSE OF ACTION

### (Declaratory Relief)

109.    Defendant repeats and restates each and every allegation contained in paragraphs 1 through 108 of the Complaint as if fully set forth herein.

110.    Defendant denies the truth of the allegations contained in paragraph 110 of the Complaint, and respectfully refers this Court to the referenced statutes and code for an accurate recitation of their contents.

111.    Defendant denies the truth of the allegations contained in paragraph 111 of the Complaint.

## AFFIRMATIVE AND SEPARATE DEFENSES

## FIRST AFFIRMATIVE AND SEPARATE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND AFFIRMATIVE AND SEPARATE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or other statutory provisions of law.

## THIRD AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff is estopped as to such claims by Plaintiff's own actions, bad faith, laches, and/or waiver.

## FOURTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff lacks standing to bring some, or all the claims asserted herein and/or to obtain the relief requested to the extent that Plaintiff is not a qualified individual with a disability entitled to relief within the meaning of the statutes upon which Plaintiff bases Plaintiff's claims. Moreover, Plaintiff lacks standing because Plaintiff has not suffered any actual injury that is

concrete and particularized, and, for purposes of argument, in the event that Plaintiff suffered

such an injury, it is not likely that a favorable court decision would redress that injury because

Plaintiff's claims are moot.  Finally, Plaintiff lacks standing because Plaintiff may not have been

*bona fide* patron of Defendant, but visited the subject website, if at all, solely for purposes of

instituting the instant litigation.

### FIFTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff failed to provide any notice of alleged violations prior to commencing this action

and Defendant did not have any actual or constructive notice regarding any accessibility issues

regarding the website at issue.

### SIXTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the website at issue is not a

place of public accommodation as that term is defined by the statutes at issue.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant did not discriminate against Plaintiff or deny Plaintiff a full and equal

opportunity to access and enjoy the benefits, goods, and services provided on the website at

issue.  While there are no barriers to accessing the website at issue, Defendant, nonetheless, has

provided equivalent facilitation and/or appropriate means for patrons with disabilities to access

and enjoy the goods and services offered on the subject website.

### EIGHTH AFFIRMATIVE AND SEPARATE DEFENSE

There are no barriers to accessing the website at issue. However, for purposes of

argument, if any such barriers do exist, their removal would impose an undue burden on

Defendant due to the complexity and/or infeasibility of the required technical changes.

## NINTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported barriers are *de minimis* and/or within conventional industry tolerances. Moreover, the alleged issues raised by Plaintiff are not barriers to access and do not prevent the enjoyment of the goods and services available at the subject website and/or at any physical place related to the website.

## TENTH AFFIRMATIVE AND SEPARATE DEFENSE

Any and all actions taken that allegedly adversely affected Plaintiff or that concern the design and construction of the website at issue were taken in good faith and for legitimate business reasons.

## ELEVENTH AFFIRMATIVE AND SEPARATE DEFENSE

Many, if not all, of the conditions alleged to violate the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law, the New York State Civil Rights Law, and/or the New York City Human Rights Law no longer exist, and, therefore, Plaintiff's claims for relief are moot.  Plaintiff is not entitled to the recovery of attorneys' fees and/or costs for moot claims.  *See Buckhannon Bd. & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).

## TWELFTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff has not incurred any actual damages or suffered any actual injury.  Nonetheless, to the extent that Plaintiff did incur any actual damages or suffer any actual injury, the alleged injury and damages were not caused by any act or omission of Defendant, and Plaintiff failed to mitigate the alleged damages.

## THIRTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of primary jurisdiction. The United States Department of Justice issued an Advance Notice of Proposed Rulemaking on Accessibility of Web Information and Services Provided by Entities Covered by the ADA on July 26, 2010.  On July 20, 2017, the Department of Justice placed its rulemaking under Title III of the ADA for websites on the 2017 Inactive Actions list.  On December 26, 2017, the Department of Justice withdrew is pending rulemaking under Title III of the ADA.  Accordingly, to date, the Department of Justice has not promulgated any standards, regulations, and/or guidelines governing the accessibility of websites.

## FOURTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any liability for an inaccessible website would violate due process.  Neither the ADA nor the state or local statutes at issue specifically address websites, and neither the United States Department of Justice nor any other applicable federal, state, or local agency has issued any regulations or technical standards specifying if and to what extent websites must be accessible or any legal standard to be applied in determining if a website is accessible.

## FIFTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

In the absence of federal, state, and/or local regulations and/or technical standards, Defendant may choose how it provides access to and/or communicate with individuals with disabilities.  Defendant provides access to and communicates effectively with individuals with disabilities by various means.

## SIXTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff relies upon the Web Content Accessibility Guidelines because such guidelines are not statutory or regulatory authority, but, rather, voluntary guidelines for web accessibility created by a private organization, and Defendant's website is not required to be compliant with those guidelines.

## SEVENTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

To the extent that Defendant is deemed to be not in compliance with any of the statutes at issue or any regulations, standards, or guidelines, any such noncompliance was caused by third parties who are outside of the direct day-to-day control of Defendant.  Defendant contracted with third party entities to design, construct, and maintain Defendant's and/or certain features or functionalities thereof.

## EIGHTEENTH AFFIRMATIVE AND SEPARATE DEFENSE

Plaintiff may not maintain this lawsuit as a class action because Plaintiff cannot establish the requirements of Federal Rule of Civil Procedure 23 or equivalent law, including, but not limited to, typicality, superiority, predominance, manageability, ascertainability, and commonality.

## NINETEENTH AFFIRMATIVE AND SEPARATE DEFENSE

The purported class and subclasses are not defined in an ascertainable manner, and Plaintiff's allegations are insufficient to establish a community of interest or standing to bring suit against Defendant.

## TWENTIETH AFFIRMATIVE AND SEPARATE DEFENSE

The putative class members' claims are barred by the same defenses that bar the named Plaintiff's claims.

## TWENTY-FIRST AFFIRMATIVE AND SEPARATE DEFENSE

Defendant reserves the right to assert additional defenses regarding some or all of Plaintiff's claims.

## PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment against Plaintiff as follows:

1. Dismissing the Complaint with prejudice;

2. Awarding Defendant's costs; pre- and post-judgment interest; expert and attorneys' fees; and

3. Awarding Defendant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant hereby demands a trial by jury on all issues contained in the Complaint and Answer.


Respectfully submitted,

Dated: New York, New York          FOX ROTHSCHILD LLP


By: ___*/s/ Ernest Edward Badway*___
    Ernest Edward Badway, Esq.
    101 Park Avenue, Suite 1700
    New York, New York 10178
    Telephone: (212) 878-7986
    Facsimile: (212) 692-0940
    E-Mail: ebadway@foxrothschild.com
    *Attorneys for defendant Redbubble Inc.*